UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **TANYA LYONS,**<br>          Plaintiff,<br><br>v.<br><br>**KATY ISD,**<br>          Defendant. | Civil Action<br><br>_____<br><br>Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

### 1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a JURY TRIAL in this employment discrimination and retaliation case as to any and all issues triable to a jury. Plaintiff alleges Defendant KATY ISD discriminated and retaliated against Plaintiff when Defendant, KATY ISD, took adverse personnel actions against Plaintiff and continued to retaliate against Plaintiff after her employment was wrongfully terminated.

1.2. COMES NOW, TANYA LYONS, (hereinafter referred to as "Plaintiff") complaining of and against KATY ISD (hereinafter referred to as "Defendant" or "Katy ISD"), and for cause of action respectfully shows the court the following:

### 2. PARTIES

2.1. Plaintiff is an individual who resides in Harris County, Texas.

2.2. Defendant KATY ISD is an employer located in Harris County, Texas, qualified to do business in Texas and engaging in an industry affecting interstate commerce, and

employs more than 20 regular employees and may be served by serving its Superintendent Dr. Lance Hindt, 6301 S. Stadium Lane Katy, Texas 77494.

## 3. VENUE AND JURISDICTION

3.1. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is where all or part of the cause of action accrued and the District where Defendant maintains a residence, an agency or representative.

3.2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1331 and the American's with Disabilities Act, as amended.

3.3. Declaratory and injunctive relief is sought pursuant to the American's with Disabilities Act, as amended.

3.4. Actual damages, to include back pay and front pay are sought pursuant to the American's with Disabilities Act, as amended.

3.5. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and the American's with Disabilities Act, as amended.

3.6. Compensatory damages may be awarded pursuant to the American's with Disabilities Act, as amended.

## 4. STATEMENT OF THE CASE

4.1. Plaintiff is a 37 year old female. Since August 2007 she has worked for Katy Independent School District as a physical education teacher and coach. Plaintiff had a great work record with no write ups.

4.2. Plaintiff works under a 10 month school year contract. As such, she scheduled an outpatient surgical procedure during the summer so that it would not impact her work.

4.3. Despite the fact that Plaintiff was on a 10-month calendar and not required to work during the summers, Plaintiff received a voicemail from the school principal, during her non-work summer, informing her that he was moving her from her physical education teaching position, a position that she had taught for seven years, into an ISS teacher (In School Suspension) due to concerns about her health. Specifically, David Paz stated that he was reassigning Plaintiff because of her "procedure" and giving her time to heal. Clearly, Mr. Paz had a perception of Plaintiff having a disability.

4.4. This reassignment came with a distinctly different set of responsibilities and duties from Plaintiff's physical education position and was not part of the subject for which she trained and graduated. This new assignment was not part of her career track.

4.5. Plaintiff did not request any accommodations from the outpatient procedure Plaintiff had in the summer nor did she ask for any time to heal.

4.6. Defendant posted and filled Plaintiff's former physical education teaching position immediately. This individual did not have a disability, perceived disability or record of a disability.

4.7. Defendant also removed Plaintiff from coaching volleyball. She had never requested that she be removed from coaching volleyball. Any suggestion that Plaintiff asked to be removed from coaching volleyball is not true. A text she sent regarding taking her out of volleyball was sent after Defendant removed her from the position not before. This resulted in a salary cut and change of duties.

4.8. Defendant, specifically, David Paz and upheld by the Assistant Superintendent for Human Resources, determined, without legal analysis, that "[o]utpatient surgery does not constitute a disability."

4.9. Defendant failed to consider that they perceived her as disabled.

4.10. After Plaintiff filed her grievance, Defendant responded that her new position was not a demotion, but rather, that it was a "supervisory role" and that she would facilitate the rotation of several teachers in In School Suspension and the management of the paraprofessional assigned to ISS. Defendant also responded that she is "directly responsible for every student who is assigned to ISS and in direct communication with administration.

4.11. However, Defendant has wholly failed to compensate Plaintiff for the new "supervisory" position.

4.12. On November 3, 2014, Plaintiff filed a Charge of Discrimination with the EEOC and the Texas Workforce Commission – Division of Civil Rights. This Charge of Discrimination was also sent to Defendant.

4.13. Defendant, including but not limited to actions taken towards Plaintiff by Defendant's agent, Lauren Deforke, have retaliated against Plaintiff, put her in a hostile environment and continued to discriminate against her.

4.14. Defendant's agent, Lauren Deforke has treated Plaintiff less favorably than others who have not engaged in protected activity, or who are not disabled, perceived as disabled or who are not regarded as disabled. Ms. Deforke has forwarded Plaintiff's e-mails to her to others, has treated her differently because of illness or a medical condition and has wholly failed to inform her that staff are meeting after school to discuss work or coaching. Ms. Deforke has demanded that Plaintiff get her approval to cancel practice and has not held others to that standard and in response to faculty wholly failing to perform their duty to ensure that students are safe after practice, has stated simply, "that

things come up." Plaintiff has complained about Ms. Deforke's hostile, discriminatory and retaliatory actions to Defendant. Defendant has wholly failed to take any action. To the contrary, after one complaint, Defendant directed Plaintiff to address Ms. Deforke's actions with her after she complained to my supervisor.

4.15.  Defendant has continued a pattern and practice of discriminating, harassing and retaliating against Plaintiff after Plaintiff engaged in her statutorily protected activity. Defendant's actions have caused a hostile environment for Plaintiff.

4.16.  Defendant has discriminated against her and in violation of The Americans with Disabilities Act, as amended based on her disability, record of disability or perceived disability. Defendant has retaliated against her and placed her in a hostile environment in violation of The Americans with Disabilities Act, as amended based on her disability, record of disability or perceived disability.

## 5.  TIMELINESS

5.1.  Plaintiff brought this suit within 90 days from the date of receipt of the notice of right to sue.[1]

## 6.  ADMINISTRATIVE CONDITIONS PRECEDENT

6.1.  Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination within 300 days of the date Plaintiff learned of the adverse employment action.

## 7.  DAMAGES

7.1.  As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of

---

[1] It is important to note that while the DOJ right to sue letter was dated January 31, 2017, it was not post marked until February 10, 2017.

income; humiliation and embarrassment among co-workers and others; sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 8. ATTORNEY'S FEES

8.1. Defendant' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 9. PRAYER

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

9.1.1. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein including benefits;

9.1.2. Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

9.1.3. Judgment against Defendant, for front pay by Plaintiff as alleged herein;

9.1.4. Grant Plaintiff general damages for the damage to Plaintiff's reputation;

9.1.5. Pre-judgment interest at the highest legal rate;

9.1.6. Post-judgment interest at the highest legal rate until paid;

9.1.7. Damages for mental pain and mental anguish;

9.1.8. Compensatory damages;

9.1.9. Attorney's fees;

9.1.10. All costs of court expended herein;

9.1.11. Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

                                                            Respectfully submitted,

                                                            /s/ Ellen Sprovach
                                                            Ellen Sprovach
Texas State Bar ID 24000672
USDC SD/TX No. 22202
ROSENBERG & SPROVACH
3518 Travis, Suite 200
Houston, Texas 77027
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
Gregg M. Rosenberg
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF

PLAINTIFF'S ORIGINAL COMPLAINT